[No. B200693. Second Dist., Div. Eight. June 18, 2008.]

JILL FARWELL et al., Plaintiffs and Appellants, v.
SUNSET MESA PROPERTY OWNERS ASSOCIATION, INC., Defendant
and Respondent.

1546

COUNSEL

Turner, Aubert & Friedman and Steven A. Morris for Plaintiffs and Appellants.

Kulik, Gottesman, Mouton & Siegel, Leonard Siegel and Robert P. Mitrovich for Defendant and Respondent.

OPINION

**FLIER, J.**—The four appellants in this case brought an action against respondent Sunset Mesa Property Owners Association, Inc. (Association), and a number of homeowners in the Sunset Mesa development. The trial court sustained a demurrer to the fourth amended complaint *with* leave to amend, finding that the individual directors of the Association could not serve as representatives of the defendant class of Sunset Mesa homeowners. Although no judgment was entered in the case, appellants filed the instant appeal, contending that they were entitled to do so under the "death knell" doctrine. We disagree and dismiss the appeal.

### THE "DEATH KNELL" DOCTRINE

■ Notwithstanding its colorful title, the "death knell" doctrine is a tightly defined and narrow concept. Under this "doctrine," an order denying the certification of a class is appealable (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732]); the rule laid down in *Daar v. Yellow Cab Co.* has retained its vitality. (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435 [97 Cal.Rptr.2d 179, 2 P.3d 27].) The reason for this rule, as our Supreme Court put it in *Daar v. Yellow Cab Co.* is that the denial of class certification is "tantamount to a dismissal of the action as to all members of the class other than plaintiff." (*Daar v. Yellow Cab Co., supra,* at p. 699.) That is, an appeal is allowed because the action has in fact and law come to an end, as far as the members of the alleged class are concerned. Since, in theory, the individual plaintiff's action can go forward, the death knell doctrine fits comfortably into the exception to the "one final judgment" rule that arises when parties have separate and distinct interests; when this is true, there can be a final and appealable judgment for each such party. (See generally 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 69, p. 126.)

■ The courts have not expanded the death knell doctrine beyond the limits that we have described. As the text writers show, other orders dealing with class actions have not been included in the death knell doctrine. Thus, excluded from the death knell doctrine are orders certifying a class, orders partially certifying a class, orders compelling the representative of a class to

arbitrate, and orders directing service of notice to class members, to name four examples. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2007) ¶¶ 2:39.2 to 2:39.5, pp. 2-25 to 2-26 (rev. # 1, 2007).)

With this preface, we state the relevant facts and procedural background.

## FACTS AND PROCEDURAL BACKGROUND

We set forth appellants' synopsis of the basic controversy in this case: Appellants "seek a judicial declaration regarding the validity of the attempted amendments of covenants governing home building in their community, known as Sunset Mesa, and seek to quiet title to their real properties as the attempted amendments purport to prevent [appellants], or anyone else, from ever renovating or otherwise changing their own homes. As such, the attempted amendments not only affect [appellants] but every other one of the four hundred and fifty households within Sunset Mesa." According to appellants, it is the Association that is attempting to ramrod the passage or the adoption of these amendments.

Respondent's version is that Sunset Mesa has sweeping and majestic ocean views, that the existing covenants have preserved the unique character of this ocean view community and that appellants "seek to establish a new principle of California law—the right of the richest and newest homeowners to build McMansions, regardless of preexisting land use restrictions."

For the purposes of this opinion, it is not necessary to set forth the extended and somewhat complex procedural history of this case. Suffice it to say that the original complaint was filed on December 28, 2004, and that it named the Association, four individuals and numerous Does as defendants; the Doe defendants were identified as other property owners in Sunset Mesa. The plaintiffs, appellants, are themselves Sunset Mesa property owners.

It was not until the third amended complaint, filed on September 28, 2006, that appellants alleged that there was a defendant class comprised of Sunset Mesa property owners. The complaint named the Association as the class representative. The Association demurred on the ground that it was not a proper class representative and the trial court sustained this demurrer. Among other things, the trial court noted that the Association could not represent the putative class since one of appellants' allegations was that the Association had harmed Sunset Mesa property owners. The court noted that it understood

that appellants did not want to name each and every Sunset Mesa property owner as a defendant, intimating that there might not be a way around this.[1]

The fourth amended complaint repeated the class allegations of the previous complaint but named as the class representatives the Association's volunteer directors, along with some other Sunset Mesa property owners. Prior to the hearing on the demurrer to this complaint, appellants dismissed the other property owners, leaving only the directors as class representatives.

The hearing on the Association's demurrer to the fourth amended complaint took place on May 17, 2007, and opened with the trial court's observation that "naming the board members is no different from naming the Association." After listening to an extended argument by appellants' counsel, the trial court made a series of observations that appellants now claim in their opening brief "made clear to the parties that the complaint simply could not be amended *ever* to state a class action."

It is true that the trial court stated that it had seen "the figure of 800," referring apparently to Sunset Mesa property owners, and that the interests of all these people were not the same, but were in fact different. But the court did not stop there and went on to state: "Now, your idea about a defense class action is a very creative one. You have been creative, and I've enjoyed reading your work, but what you simply want to do is to impose a class representative on this class." The court then noted appellants' papers had attacked the individual members of the Association's board of directors, claiming that these members had exceeded their powers. The court stated: "Well, on the one hand we can't have a renegade board harming the rights of the people in the class and then saying that they have to be the class representatives. There's a disconnect there." After some further remarks on the conflict between the Association and the individual property owners, the court went on to make what is its most significant statement on the issue that is now before us: "And, certainly, if this were the other way around, if this were a plaintiffs' class, a proposed class action, and these were the facts, there's no way the class would be certified; no way, not on these facts."

But this was not the end of the matter. The court had noted earlier that appellants could have chosen "narrow relief to invalidate these CC&R's"[2] or seek the "broader relief" that appellants were now actually seeking. The

---

[1] Appellants had not followed through on the Doe allegations; some property owners voluntarily appeared in the action, opposing appellants' lawsuit by demurring thereto on the ground that indispensable parties had not been joined. These demurrers were sustained with leave to amend.

[2] Conditions, covenants and restrictions applicable to Sunset Mesa.

court returned to this point a little later: "I'm not going to tell you what you should go after for your clients, but if you want the broader relief that affects the right to everybody there, everybody there has a right to be heard." The court closed these remarks by stating that it would sustain the demurrer *without* leave to amend.

Appellants' counsel reacted sharply to the indication that the demurrer would be sustained without leave to amend, stating "the complaint is capable of being amended, and I wrote that in my brief at the end."[3] Counsel stated in substance that appellants had three choices. The first was to serve all the homeowners, a choice that counsel stated he wished to avoid. The second choice was "go with the narrower claims." The third was to file a petition for an extraordinary writ in the Court of Appeal. Counsel closed by stating: "I can amend in three different ways that should satisfy you, and the law is, basically, as long as the complaint is capable of being amended, you shouldn't sustain the demurrer without leave to amend."

After further argument, the trial court changed its mind and sustained the demurrer with leave to amend.

We note here that the adequacy of the representation of a *defendant* class is not a novel problem and has engaged the attention of the courts and text writers. (See cases and materials collected in 2 Conte & Newberg, Newberg on Class Actions (4th ed. 2002) § 4:60, pp. 375–384.) It is by no means an insurmountable task to identify persons who can serve as representatives of a defendant class, although the dynamics of such a class are different from that of a plaintiff class. (*Id.,* § 4:46, pp. 336–339.) Indeed, defendant classes have a long history, dating back to 1853. (*Id.,* § 4:46, p. 338, citing *Smith et al. v. Swormstedt et al.* (1853) 57 U.S. 288 [14 L.Ed. 942].) California has also long recognized defendant classes. (E.g., *Wheelock v. First Presb. Church* (1897) 119 Cal. 477, 481–482 [51 P. 841]; *Rosicrucian Fellow. v. Rosicrucian Etc. Ch.* (1952) 39 Cal.2d 121, 139–140 [245 P.2d 481].)

## THE PURPORTED APPEAL MUST BE DISMISSED

We are not unsympathetic to the problem faced by appellants, and particularly to counsel's efforts to frame a complaint that sufficiently articulates appellants' claims without naming hundreds of homeowner defendants. Nonetheless, the question whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black or white.

---

[3] This is correct. Appellants' opposition memorandum closed by stating that the complaint could be amended and that appellants did not intend to give up but intended to exhaust "every reasonable alternative before naming every one of their neighbors in a lawsuit."

We have before us an order sustaining a demurrer with leave to amend; no one disputes that this is not an appealable order.[4]

Appellants' contention that the *effect* of this order is to terminate the class action is not sound in the abstract, nor is it borne out by the particular facts and circumstances of this case.

In the abstract, the decision the trial court made was to rule that the board members could not serve as class action representatives *and* it gave appellants leave to amend to cure this defect.[5] Thus, were we to address this appeal on the merits, we would have to address what on its face is an interlocutory, nonappealable order.

In terms of the circumstances of this case, appellants themselves state that they could amend the class action allegations. They state in their opening brief: "Here, if required to do so, appellants can clearly amend in any number of ways to state an ascertainable class (or classes) and appropriate class representatives. For example, appellants could name as representatives select individuals who reside in each of the Neighborhood Tracts." It appears that this conflicts with appellants' claim that the order of May 17, 2007, was the death knell of their class action.

The only way to reconcile these conflicting statements by appellants is to interpret the trial court's May 17, 2007 ruling to mean that this *particular* trial court would under no circumstances permit a class action to go forward.

There are four reasons why we refuse to do so.

First. While the trial court stated at one point that it would not certify a class if this were a plaintiff class, the court did so on the basis of the complaint that was before the court. Evidently, a change in the relief sought may well affect the trial court's assessment of the certification of a class action. We reiterate here that there is nothing unprecedented about a defendant class and that experience indicates that, once the characteristics of a defendant class action are taken into account, suitable class action representatives can be identified.

■ Second. The observation of the court that we refer to was just that—an observation and not a ruling. The question whether the court would

---

[4] Not even an order sustaining a demurrer without leave to amend is appealable; the appeal in such cases is from the judgment of dismissal. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032 [134 Cal.Rptr.2d 260].)

[5] Because we dismiss the appeal, we decline to express a view on the merits of this decision of the trial court. We therefore do not address appellants' contentions that the trial court erred in sustaining the Association's demurrer to the fourth amended complaint.

certify a class was not before the court. Opinions voiced by the trial court are to be distinguished from the trial court's decision; the opinions voiced by the trial court do not furnish any basis for an attack on an otherwise correct decision. (*Scholle v. Finnell* (1916) 173 Cal. 372, 376 [159 P. 1179]; see generally 9 Witkin, Cal. Procedure, *supra*, Appeal, § 344, pp. 387–389.)

Third. The suggestion made by appellants in their opening brief that they could name a class represented by select individuals representing neighborhood tracts was not before the trial court; it may well be that this solution would be acceptable to the court. If so, the May 17, 2007 ruling obviously was not the death knell of the class action.

Fourth. The thrust of appellants' argument is that the trial court's order and the views expressed by the trial court amount to the death knell of this action *as a defendant class action*. But the gist of the death knell doctrine is that the denial of class action certification is the *death knell of the action itself*, i.e., that without a class, there will not be an action or actions, as is true of cases when the individual plaintiff's recovery is too small to justify pursuing the action. In this case, as inconvenient as separate individual actions against homeowners may be both for plaintiffs and defendants, such actions can nevertheless be filed and pursued. Thus, this is not an appropriate case for the death knell doctrine.

The cases cited by appellants are of no help to them. Citing *Walsh v. IKON Office Solutions, Inc.* (2007) 148 Cal.App.4th 1440, 1451 [56 Cal.Rptr.3d 534], appellants contend that "lower court orders that effectively 'demolish' an action as a class action and dispose of the class claims in their entirety" are reviewable on appeal. That of course is true as a general proposition but it is not true of the order entered by the trial court in this case on May 17, 2007. That order neither demolished the class action nor did it dispose of the class claims—it only sustained the demurrer with leave to amend. Appellants also cite *Kennedy v. Baxter Healthcare Corp.* (1996) 43 Cal.App.4th 799, 806–807 [50 Cal.Rptr.2d 736], for the same proposition that they cite *Walsh v. IKON Office Solutions, Inc.*, but in *Kennedy* the trial court sustained demurrers to class action allegations without leave to amend, which did put an end to the class action. As we have shown, this is simply not true of the order entered in this case on May 17, 2007.

■ In sum, under the death knell doctrine only an order denying certification of a class is appealable. The order entered in this case was not such an order.

Because we dismiss the appeal, we note there is nothing in the record to prevent appellants from filing an amended complaint naming a defendant class, albeit with class action representatives that are suitable for the class.

## DISPOSITION

The purported appeal from the order of May 17, 2007, sustaining the Association's demurrer with leave to amend is dismissed. Respondent is to recover its costs in the proceedings in this court.

Cooper, P. J., and Rubin, J., concurred.