Filed 4/24/14  Martin v. My Car Agent CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAWN MARTIN, | |
| Plaintiff and Appellant, | G048985 |
| v. | (Super. Ct. No. 30-2011-00526774) |
| MY CAR AGENT, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Dismissed.

Liberty & Associates, Louis A. Liberty and Ian Otto for Plaintiff and Appellant.

Law Offices of Christopher P. Ruiz and Christopher P. Ruiz for Defendant and Respondent.

\*          \*          \*

Plaintiff Dawn Martin appeals from an order awarding her a reduced amount of attorney fees.  Because the order is nonappealable, we dismiss the appeal.

FACTS

Plaintiff sued defendant My Car Agent for violating the Automobile Sales Finance Act (Civ. Code, § 2981 et seq.) and other causes of action.[1]  The parties subsequently entered into a settlement agreement, whereby defendant would pay plaintiff $11,000 and release her from any obligations under the sales contract, and plaintiff would dismiss her complaint with prejudice.  The parties agreed to bear their own attorney fees, except as provided in section V of the settlement agreement.  Section V provided that the parties would meet and try to resolve plaintiff's claim for attorney fees; however, if they were unable to reach a resolution, then plaintiff would file a motion for attorney fees with the court, but plaintiff would be deemed the prevailing party on her Automobile Sales Finance Act claim only.

Plaintiff filed a motion with the court for around $262,000 in attorney fees. Defendant opposed plaintiff's motion, arguing it violated the settlement agreement and that the amount of fees requested was excessive, unreasonable, and unsupported.  In plaintiff's reply to defendant's opposition, she argued her motion should be granted in its entirety because she had recovered all that she sought in her lawsuit.

On July 11, 2013, the court granted plaintiff's motion, but reduced the amount of attorney fees to $32,581.

---

[1]  Plaintiff also named another defendant who is not a party to this appeal. References in this opinion to "defendant" refer to My Car Agent.

2

DISCUSSION


Although plaintiff's opening brief states she appeals from the court's July 11, 2013 ruling, her counsel filed a notice of appeal (on the Judicial Council of California form) and (1) left blank the section for the challenged ruling's date, and (2) checked the box for a postjudgment order, even though the record contains no judgment.

Because the issue of nonappealability is jurisdictional, we requested supplemental letter briefs from the parties on the issues of whether the attorney fee order is appealable when the record on appeal does not contain a final judgment and whether the appeal should be dismissed. (Gov. Code, § 68081.) In plaintiff's supplemental letter brief, she acknowledges that "there is no final judgment dismissing the case," but nonetheless requests that we move forward with the appeal.

Under the "one final judgment rule," an appeal may be taken from a final judgment "that '"terminates the proceeding in the lower court by completely disposing of the matter in controversy."'" (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 671; Code Civ. Proc., § 904.1, subd. (a)(1).) Orders are appealable if they have been expressly designated by statute as appealable orders. (Code Civ. Proc., § 904.1, subd. (a)(2) - (13).) "[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.'" (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "[T]he question whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black or white." (*Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545, 1550.) Accordingly, this appeal must be dismissed.


3

DISPOSITION


We dismiss the appeal.  Defendant shall recover its costs on appeal.



                                        IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.