Filed 10/17/19; Certified for Publication 11/18/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHEILLA BROWN,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>UPSIDE GADING, LP, et al.,<br><br>      Defendants and Appellants. | A157685<br><br>(Alameda County<br>Super. Ct. No. RG18928503) |

This is an appeal in a landlord–tenant class action from a trial court order invalidating the broad releases of claims signed by approximately 26 tenant putative class members and requiring the parties to meet and confer regarding a corrective notice for the putative class after the court found said releases contained misleading and one-sided information regarding the underlying lawsuit.  Plaintiff Sheilla Brown brought this action on behalf of herself and other similarly situated persons against defendants Upside Gading, LP and Upside Management Company, Inc. (Upside) for alleged violations of the City of Hayward's Residential Rent Stabilization and Tenant Protection Ordinance (ordinance).  According to plaintiff, a tenant in low-income, rent-controlled housing owned and managed by Upside, Upside claimed an exemption to the ordinance based upon misleading information and thereafter imposed upon the often non-English-speaking tenant putative class members illegal rent increases, charged them excessive late

fees, and failed to pay required security deposit interest in violation of local and state laws.[1]

After Upside representatives approached the tenant putative class members in the evening in their respective units with pre-written releases from the class action[2] that contained misleading, coercive and inadequate information, along with pre-written checks as "compensation" for past rent increases and other payments, plaintiffs sought and obtained the trial court order dated June 19, 2019, that is at the heart of this appeal.[3]

After Upside appealed this order, this court stayed briefing and ordered Upside to submit a letter brief either requesting to dismiss this appeal or explaining why this court

---

[1] For the purposes of this opinion, it is not necessary to set forth the extended procedural or factual background of this case.

[2] The contents of Upside's releases and other communications with the putative class members were described in declarations submitted by the parties in connection with plaintiffs' Motion to Limit Defendants' Class Communications and for Corrective Actions, and are largely undisputed.

[3] The releases presented to the tenants contained in part the following language: " 'Tenant and Landlord have reached a full and complete settlement of the Released Claims,' . . . mean[ing] that the tenants 'individually, and on behalf of their respective agents, attorneys, representatives, heirs, family members' and other related parties, 'hereby release[], acquit[] and forever, absolutely and unconditionally, discharge[] Landlord and all of its agents, contractors, subcontractors, attorney,' and other representatives, 'of and from any and all actions, causes of action, claims, demands, rights, injuries, debts, obligations, liabilities, contracts, duties, damages, costs, attorneys' fees, expenses or losses of every kind . . . that accrued at any time prior to execution of this Agreement . . . whether known or unknown, anticipated or unanticipated, direct or indirect, fixed or contingent,' 'arising from any matter, cause or thing, whatsoever occurred, done or omitted, including without any limitation, any claims under Tenant's lease and other claims for (1) rent abatement, (2) reimbursement of rental charges, (3) any claims relating to late fees charged . . . , (4) any claims relating to any alleged violations of the HUD Use Agreement, and (5) any claims arising from any alleged violation of the [ordinance].' " Translated copies of the releases were not provided to the non-English-speaking tenants.

should not dismiss the appeal for the reason that it is taken from a nonappealable order.[4] Plaintiff, in turn, was permitted to file a responsive letter brief. (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1"].)

Upside responded to our order with a letter brief arguing that the trial court's June 19, 2019 order is appealable as an injunctive order within the meaning of Code of Civil Procedure section 904.1, subdivision (a)(6) because it mandates certain actions on their part with respect to the putative class members.[5] Plaintiffs, in turn, requested dismissal of the appeal on the ground that section 904.1 provides no basis for appealing a standard interlocutory order such as this one. We agree with plaintiffs and, accordingly, dismiss this appeal.

## DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292.) "California is governed by the 'one final judgment' rule which provides 'interlocutory or interim orders are not appealable, but are only "reviewable on appeal" from the final judgment.' [Citation.] The rule was designed to prevent piecemeal dispositions and costly multiple appeals which burden the court and impede the judicial process. [Citation.] In keeping with this rule, section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory." (*Id.* at pp. 1292–1293.) Interlocutory rulings " 'within the statutory classes of appealable interlocutory judgments' " remain appealable; however, the appellant bears the burden of establishing the appealability of such a ruling.

---

[4] Our July 5, 2019 order also denied Upside's petition for writ of supersedeas seeking a stay of enforcement pending appeal of the provision of the trial court's order requiring Upside to meet and confer with plaintiff regarding a corrective notice.

[5] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

(*Id.* at p. 1293; Cal. Rules of Court, rule 8.204(a)(2)(B); *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1496, fn. 5.)

Relevant here, under section 904.1, subdivision (a)(6), an appeal may be taken from an order granting or denying a request for an injunction, meaning, an order requiring a person to perform, or to refrain from performing, a particular act. (§§ 904.1, subd. (a)(6), 525; *PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 143.) "Whether a particular order constitutes an appealable injunction depends not on its title or the form of the order, but on ' "the substance and effect of the adjudication." ' " (*Id.* at pp. 142–143.)

Here, Upside contends the trial court's June 19, 2019 order constitutes an appealable injunction "insofar as it requires Appellants to take affirmative steps to effect invalidation of the Releases" by "participat[ing] in the preparation of a corrective notice and . . . provid[ing] Plaintiff's counsel with the Releases and contact information for those tenants who executed the same." We disagree with Upside's reasoning.

A court order nearly always requires some action or inaction from one or both parties or their counsel. However, this fact does not render nearly all court orders injunctive in nature. Rather, an order requiring an action or inaction by a party may simply be a proper exercise of the court's inherent authority to control the proceedings before it. It is "well established that courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them." (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967; see § 128, subd. (a)(5) [powers include controlling the "conduct of . . . persons . . . connected with a judicial proceeding before it"].)

Moreover, in the context of a class action such as this, "it is the court's authority and duty to exercise control over the class action to protect the rights of all parties, and to prevent abuses which might undermine the proper administration of justice." (*Howard Gunty Profit Sharing Plan v. Superior Court* (2001) 88 Cal.App.4th 572, 581.) "Communications that misrepresent the status or effect of the pending action, or which may cause confusion, adversely affect the administration of justice." (*Id.* at p. 582; see

also *Hernandez v. Vitamin Shoppe Industries, Inc.* (2009) 174 Cal.App.4th 1441, 1454 ["Where a trial court identifies a potential for abuse, the court ' "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel" ' "].)

And while it is well established that an interlocutory order denying class certification is appealable because such an order effectively serves as the "death knell" of the lawsuit for all class members aside from the named plaintiff, other routine interim orders directed at litigation management in class action lawsuits are not generally appealable. (See *Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545, 1547–1548 [order sustaining demurrer with leave to amend in class action not appealable; "other orders dealing with class actions [besides orders denying class certification] have not been included in the death knell doctrine. Thus, excluded from the death knell doctrine are orders certifying a class, orders partially certifying a class, orders compelling the representative of a class to arbitrate, and orders directing service of notice to class members, to name four examples"]; *Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1224, 1228–1229 [an order "directing service of notice of class action to the members of respondent class, and allocating the cost of preparing such notice between appellant and respondent class in the manner specified in the order" is a nonappealable, interlocutory order].)

We find particularly helpful the opinion of our Second Appellate District colleagues in *Estrada v. RPS, Inc.* (2005) 125 Cal.App.4th 976 (*Estrada*). There, the named plaintiff in a class action sought review of orders by the trial court requiring a questionnaire to be sent to potential class members, and then dismissing potential members who failed to respond to this questionnaire. (*Id*. at p. 978.) Our colleagues dismissed the appeals as premature, reasoning (inter alia) that the challenged orders were "part and parcel of the class certification process and, as such, not appealable." (*Id*. at pp. 985–986.) We conclude the same is true in this case.

The pre-class-certification order at issue in this case invalidated the releases obtained by Upside through misleading, coercive and otherwise improper

communications and required: (1) the parties to meet and confer regarding preparation of a corrective notice to be sent to the putative class members; (2) Upside to refrain from communicating with putative class members about the lawsuit until the corrective notice is issued; and (3) Upside to provide plaintiffs' counsel with copies of the improperly obtained executed releases and contact information for the signatories. Just as in *Estrada*, this order under challenge is "part and parcel of the class certification process and, as such, not appealable." (*Estrada*, 125 Cal.App.4th at pp. 985–986.) Accordingly, we dismiss Upside's appeal as taken from a nonappealable order.[6] (*Jennings v. Marralle*, *supra*, 8 Cal.4th at p. 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].)

## DISPOSITION

The appeal is dismissed.

---

[6] It is true that appellate courts have the discretion to treat an appeal from a nonappealable order as a petition for writ relief, and thus determine the merits of the challenge to the order, but only under limited, extraordinary circumstances. (E.g., *Olson v. Cory* (1983) 35 Cal.3d 390, 400–401.) Here, however, Upside has put forth no extraordinary or compelling reason for us to consider its appeal as a writ petition. Accordingly, we conclude dismissal of the appeal is the appropriate action. (See *MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 265–266.)

_____

Wick, J.[*]

WE CONCUR:

_____

Fujisaki, Acting P. J.


_____

Petrou, J.

A157685/*Brown v. Upside Gading, LP*

---

[*] Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 11/18/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHEILLA BROWN,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>UPSIDE GADING, LP, et al.,<br><br>      Defendants and Appellants. | A157685<br><br>(Alameda County<br>Super. Ct. No. RG18928503)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion in the above-entitled matter filed on October 17, 2019, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.

Date: _____11/18/2019_____        _____FUJISAKI, J._____, Acting P. J.

<u>A157685/Brown v. Upside Gading, LP</u>

Trial Court:  Superior Court of Alameda County

Trial Judge:  Brad Seligman, J.

Counsel:      Centro Legal de la Raza, Jesse Newmark and Micaela Alvarez; Law Offices of Andrew Wolff, Andrew Wolff, Tony Ruch and Wortham Briscoe for Plaintiff and Respondent.

                Pahl & McCay, Stephen D. Pahl, Servando R. Sandoval and Helene A. Simvoulakis-Panos for Defendants and Appellants.