Filed 3/17/21  Shabani v. Burton CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOSEPH SHABANI, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CAL BURTON, as Successor Trustee, etc., <br><br> Defendant and Appellant. | B301371 <br><br> Los Angeles County <br> Super. Ct. No. BC696195 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stuart M. Rice, Judge. Appeal dismissed.

Collins Collins Muir + Stewart and James C. Jardin, for Defendant and Appellant.

Law Offices of Saul Reiss, Saul Reiss and Fay Pugh for Plaintiff and Respondent.

# INTRODUCTION

Appellate jurisdiction is defined by statute. (Code Civ. Proc., § 904.1.) With certain exceptions not relevant here, appellate jurisdiction requires a final judgment that resolves all claims and issues between the parties to the appeal. Jurisdiction is lacking in the present case and we therefore dismiss the appeal.

# FACTS AND PROCEDURAL BACKGROUND

Although the underlying proceedings in this civil case and tandem probate proceedings have consumed a great deal of time and paper, the essential facts necessary to our opinion are straightforward.

In 1998, Julius Burton, Sr. and Christopher Burton created a trust (Burton trust) and transferred to the trust, as relevant here, several pieces of real property located on Crenshaw Boulevard in Los Angeles (Crenshaw properties). The Burton trust authorized the trustee to sell or otherwise dispose of trust property. In 2007, after the death of both trustors, Regions Bank became the trustee of the Burton trust.

Regions Bank, as trustee of the Burton trust, entered into an agreement with plaintiff Joseph Shabani (plaintiff) in July 2013 concerning the purchase of the Crenshaw properties. Plaintiff fully performed under the agreement by depositing funds into escrow and removing contingencies as required. Regions Bank did not complete the transaction and subsequently stipulated to the appointment of Cal Burton as successor trustee of the Burton trust. The probate court approved the appointment. Cal Burton refuses to proceed with the sale.

2

In 2018, plaintiff filed the present action against Regions Bank and Cal Burton as the successor trustee of the Burton trust. As to Cal Burton, the complaint states causes of action for breach of contract (the sales agreement), breach of the implied covenant of good faith and fair dealing, and specific performance.

Plaintiff filed a motion for summary adjudication and/or summary judgment on all causes of action. The court ruled in favor of plaintiff on all causes of action. The court found that Cal Burton breached the sales agreement between plaintiff and Regions Bank. As to the breach of contract claim, the court stated "there is no triable issue of fact as to whether [plaintiff] suffered damage in the form of being deprived [of] the property he is entitled to." Although plaintiff alleged and argued he had suffered monetary damages in an unspecified amount, the court did not award monetary damages. The court also found that Cal Burton breached the implied covenant of good faith and fair dealing by refusing to honor the sales agreement without any valid excuse. Finally, the court granted plaintiff's request for specific performance. The court also purported to grant summary judgment for plaintiff in light of its resolution of each of the three causes of action.

The court entered the order granting summary judgment on September 4, 2019, and set a status conference for November 5, 2019. On the same day, the court entered a "partial judgment" prepared by plaintiff's counsel. It reads, in relevant part:

"ON THE FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

"1. Judgment on the First Cause of Action of the Complaint for Breach of Written Contract is hereby entered in favor of

3

Plaintiff Joseph Shabani ("Plaintiff") and against Defendant Cal Burton, Successor Trustee of the [Julius] & Christopher Burton Family Trust dated September 22, 1998 ("Defendant") and all persons unknown claiming any interest in the property described herein (hereinafter collectively with Defendant referred to as "Defendants").

"2. Provided that Defendants duly comply with the orders made herein pursuant to the Third Cause of Action, no monetary damages will be awarded pursuant to the First Cause of Action.

"3. In the event, Defendants are unable to convey marketable and insurable title to the property pursuant to the judgment on the Third Cause of Action, a trial will be held on the issue of monetary damages payable to Plaintiff only and a further judgment will be rendered for the amount of damages determined at such trial.

"ON THE SECOND CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

"4. Judgment on the Second Cause of Action of the Complaint for Breach of Covenant of Good Faith and Fair Dealing is hereby entered in favor of Plaintiff and against Defendant.

"5. Provided that Defendants duly comply with the orders made herein pursuant to the Third Cause of Action, no monetary damages will be awarded pursuant to the Second Cause of Action.

"6. In the event, Defendants are unable to convey marketable and insurable title to the property pursuant to the judgment on the Third Cause of Action, a trial will be held on the issue of monetary damages payable to Plaintiff only and a further

4

judgment will be rendered for the amount of damages determined at such trial.

"ON THE THIRD CAUSE OF ACTION FOR SPECIFIC PERFORMANCE AND DAMAGES

"7. Judgment on the Third Cause of Action of the Complaint for Specific Performance and Damages is hereby entered in favor of Plaintiff and against Defendants.

"8. Plaintiff shall have and recover from Defendants, title to the real properties commonly known as 7100, 7106-7108, 7112 and 7114-7118 Crenshaw Blvd., Los Angeles, California 90043 (the "Property") … .

[¶] … [¶]

"9. The legal properties legally described hereinabove are also commonly known as Assessor's Parcel Numbers 4006-032-001, 4006-032-002, 4006-032-003 and 4006-032-004.

"10. In order to ensure that title is conveyed free and clear of all monetary liens and encumbrances as agreed pursuant to the purchase agreement, the following procedure shall be followed:

"(A) An escrow shall be opened at Fidelity National Title Company, 5000 Van Nuys Blvd, Suite 500, Sherman Oaks, Ca 91403 (the "Escrow Holder") … .

"(B) The parties to the escrow shall be Plaintiff and Defendants.

"(C) The terms of the escrow shall be as set forth in the Purchase Agreement dated July 2013, Additions and/or Amendments to Escrow Instructions, Contingency Removals and Amendments to Purchase Agreement (collectively the

5

"Agreement"), copies of which are attached as Exhibits 5 through 12 to the First Amended Complaint, except to the extent that such terms are modified by the terms of this Judgment."

[¶] … [¶]

"11. In the event that the Preliminary Title Report discloses liens and encumbrances which prevent the Escrow Holder from closing the Escrow in accordance with the preceding provisions of this Judgment, then the Court retains jurisdiction to make such orders as may be necessary to convey good, marketable and insurable title to Plaintiff … .

[¶] … [¶]

"12. Defendants shall deliver the Property vacant prior to the close of escrow with [certain exceptions].

"13. This Court shall retain jurisdiction to hear and determine all claims relating to the occupancy of the Property by any person claiming the right to occupancy [of] the Property under, by or through Defendants or [Julius] Burton, Jr.

"14. Should Defendants fail or refuse to comply with the terms of this Judgment, Plaintiff may by *ex parte* application obtain an order authorizing the Clerk of the Court to execute any and all documents, including a grant deed necessary to convey title to the Property to Plaintiff.

"15. Plaintiff shall have and recover attorney's fees [to be determined] … ."

Cal Burton, as successor trustee of the Burton trust, timely appeals.

## DISCUSSION

Pursuant to Code of Civil Procedure section 904.1, an appeal lies only from a final judgment or one of the enumerated orders listed. Interlocutory judgments are not appealable. (Code

Civ. Proc., § 904.1, subd. (a)(1) [permitting an appeal "[f]rom a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or a judgment of contempt that is made final and conclusive by Section 1222"].) "[A] judgment is final, and therefore appealable, ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " ' [Citation.]" (*Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109, 1115.) The existence of an appealable order or judgment is a jurisdictional requirement. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; see *Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545, 1550 [noting that the "question whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black or white"].)[1]

The "partial judgment" from which Cal Burton appeals is a nonappealable interlocutory judgment. Specifically, and as is evident from the extended excerpt of the "partial judgment" provided *ante*, the "partial judgment" does not effectively dispose of the case such that no issue is left to be determined, as is required. (See *California Assn. of Psychology Providers v. Rank* (1990) 51 Cal.3d 1, 9.)

First, a plaintiff can obtain summary adjudication of a cause of action only by proving "each element of the cause of action entitling the party to judgment on that cause of action." (Code Civ. Proc., § 437c, subd. (p)(1).) "As damages are an

---

[1] We requested and received supplemental briefs from the parties on this issue pursuant to Government Code section 68081.

7

element of a breach of contract cause of action (*Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 229), a plaintiff cannot obtain judgment on a breach of contract cause of action in an amount of damages to be determined later." (*Paramount Petroleum Corp. v. Superior Court* (2014) 227 Cal.App.4th 226, 241.) Here, the "partial judgment" does not resolve the issue of monetary damages on either plaintiff's contract claim or his claim for breach of the implied covenant of good faith and fair dealing and, moreover, expressly contemplates further proceedings as well as a further judgment on that issue.[2]

Second, the "partial judgment" as to specific performance of the 2013 sales agreement contains many contingencies and expressly contemplates further proceedings to consider whether Cal Burton has adequately complied with those contingencies, i.e., a status conference approximately 60 days after entry of the "partial judgment." The "partial judgment" also contemplates further proceedings to adjudicate occupancy rights.

In response to our request for briefing on the appealability of the "partial judgment," both parties have urged this court to treat their improper appeal as an original proceeding. We decline their invitation. "Under the one final judgment rule, ' "an appeal may be taken only from the final judgment in an entire action." ' [Citation.] ' "The theory [behind the rule] is that piecemeal disposition and multiple appeals in a single action would be

---

[2] It was error for the court to state that it was summarily adjudicating those claims in plaintiff's favor without resolving the issue of monetary damages. (See, e.g., *CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1239 [noting that for purposes of summary judgment (as at trial), a plaintiff must " 'show[] both the fact and the amount of damages' "].)

oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' [Citations.]" (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.)

## DISPOSITION

The appeal is dismissed. No costs are awarded. The parties' requests for judicial notice are denied as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.