Filed 5/14/26  Cruz v. Ramirez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LOUISA CRUZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>FRANCISCO RAMIREZ, et al.,<br><br>    Defendants and Respondents. | F089341<br><br>(Super. Ct. No. 24FL0346)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kings County.  Mark Skinner, Commissioner.

Louisa Cruz, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

-ooOoo-

Louisa Cruz, who is self-represented, appeals from an order of the Kings County Superior Court regarding custody and visitation as to her minor daughter, L.R.  Under the court's order, G.S., L.R.'s paternal aunt, has sole legal and physical custody of L.R., while Cruz has the right to supervised visitation.  G.S. did not appear on appeal. We conclude the order at issue is an interim custody order and is, therefore, not appealable. In turn, we lack jurisdiction over this appeal.  Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2024, Cruz initiated this child custody matter in the Kings County Superior Court, seeking custody of her minor daughter, L.R.

***Introduction***

L.R. was born in Hanford, in Kings County, California, in 2009. Cruz and L.R. subsequently moved to Ithaca, in Tompkins County, New York. In May 2023, Tompkins County Department of Social Services intervened on L.R.'s behalf and initiated court proceedings against Cruz, for neglect of L.R. In June 2023, a family court in Tompkins County ordered Cruz not to transport L.R. "more than 60 miles from Tompkins County."

Nonetheless, while the neglect proceeding was pending in Tompkins County, New York, Cruz moved with L.R. to Hanford, California, in July 2023. Shortly after arriving in Hanford, Cruz placed L.R. with L.R.'s paternal aunt, G.S., because Cruz did not have a place to stay.

In August 2023, G.S. filed a petition for custody of L.R., in Tompkins County, New York. Eventually, the family court of Tompkins County, New York, awarded custody of L.R. to G.S. and dismissed the neglect proceeding that was pending against Cruz in that court. The court noted that dismissal of the petition for neglect against Cruz was warranted because the Tompkins County Department of Social Services withdrew the neglect allegation in light of the court's order granting custody of L.R. to G.S.

Thereafter, Cruz initiated the instant matter by filing a petition in the Kings County Superior Court, seeking to regain custody of L.R. Cruz named, as respondents, G.S. and L.R.'s father, Francisco Ramirez. G.S. appeared in the matter, but as of the date of initiation of the instant appeal on February 10, 2025, Ramirez had not appeared.[1]

---

[1] The register of actions in the lower court, as included in the record on appeal, suggests that Ramirez subsequently appeared on April 24, 2025.

We note, as further discussed below, that the record on appeal provided by Cruz is incomplete. The family court below held a contested hearing on Cruz's petition, but the reporter's transcript of that hearing is not in the record on appeal. In addition, Cruz's brief does *not* provide *any* citations to the record. Accordingly, our summary of the factual and procedural background of this case is necessarily limited.

***New York State Custody Order***

The family court of Tompkins County, New York, issued a final order of custody regarding L.R. on May 2, 2024, after Cruz and G.S. had both appeared before the court, albeit from California.

The Tompkins County family court's custody order set forth several preliminary findings. The order noted that the Tompkins County Department of Social Services had filed a petition alleging that the "subject child is neglected[.]" The order further noted: "[T]he Court finds that the mother has a serious untreated mental illness and is unfit at present and the subject child would be at imminent risk if returned to the care of her mother at this time[.]" The order added: "[T]he mother willfully violated this Court's orders, including when she absconded from the State of New York with the subject child in July of 2023[.]" The order continued: "[T]he subject child has resided in California since July of 2023 and California is the subject child's home state as of the date of this Final Order of Custody[.]" Finally, the order stated: "[A]fter filing of this order, the New York Family Court acknowledges it will no longer have any significant contacts with any party or the subject child[.]"

The Tompkins County family court ordered that G.S. "shall have sole legal custody and primary placement of the subject child" and that Cruz would have "phone or video communication with the subject child on Saturdays from 11:00AM to 11:30AM PST that shall be monitored by [G.S.]." The court further ordered: "[T]his Final Order of Custody can only be modified by filing a modification petition in a court

3.

with proper venue located in the child's current state of residence, California, or subsequent home state[.]"

***Custody Proceedings in Kings County Superior Court in Hanford, California***

On May 24, 2024, Cruz filed a request for order regarding custody of L.R. in the Kings County Superior Court in Hanford, California. Thereafter, Cruz filed several additional requests for order regarding custody of L.R. The matter proceeded to hearing on July 30, 2024. The family court consolidated Cruz's requests for order and referred Cruz and G.S. to Family Court Services for child custody recommending counseling. Cruz thereafter missed the scheduled appointment for child custody recommending counseling; G.S. arrived on time for the scheduled appointment.

At the next court hearing on October 15, 2024, the family court re-referred Cruz and G.S. to Family Court Services for child custody recommending counseling. Cruz and G.S. attended a mediation session with a family court child custody recommending counselor on October 23, 2024. The counselor interviewed L.R. separately on October 28, 2024. The child custody recommending counselor's report was filed with the court on November 8, 2024.

The child custody recommending counselor's report recommended that sole legal and sole physical custody of L.R. remain with G.S., with Cruz to have supervised visitation on a bi-weekly basis. The report also recommended that Cruz "enroll into an anger management program and do self-work through Talking Parents curriculum."

The family court held a hearing in the matter on December 4, 2024. The court set a contested hearing on custody and visitation for December 10, 2024.

On December 6, 2024, the child custody recommending counselor filed a memorandum informing the court that it had come to the counselor's attention that Cruz had illegally recorded the conjoint child custody recommending counseling session held on October 23, 2024. The counselor stated in the memorandum: "[Family Court Services] respectfully requests that the Court consider issuing sanctions against Ms. Cruz.

4.

It is illegal to record the content of mediation, and it is perceived Ms. Cruz willfully and knowingly recorded the mediation for ill motive and ill agenda."

The family court held a contested hearing on the issue of custody and visitation on December 10, 2024.  Following the contested hearing, on the same date, the court issued a minute order.[2]  According to the minute order, Cruz, G.S., and the child custody recommending counselor testified at the contested hearing.  The court ordered, as stated in the minute order:  "The prior order issued in the state of New York … shall remain in place with the adoption of the child custody recommending counselor[']s recommendation.  The court sets a review hearing and reserves jurisdiction over the issue of child custody/visitation."  The court clarified that Cruz would have supervised visitation "once per every other week for up to one hour per visit."  The court set a review hearing for February 5, 2025.

On February 5, 2025, the family court held a review hearing on its prior order. The court issued a minute order following the hearing, on the same date.  The minute order reflects that Cruz appeared at the hearing, but G.S. was not present.  Cruz reported that she had been attending the previously ordered anger management course.  Cruz had also filed an additional request for order on February 3, 2025; the court directed Cruz to serve those papers on G.S.  The court set a further review hearing for March 7, 2025. The February 5, 2025, minute order also noted:  "Court orders [G.S.] to appear at the next hearing.  If aunt, [G.S.], fails to appear at the next hearing[,] the Court will consider sanctions and possibly making orders without aunt's input."

On February 10, 2025, Cruz filed a notice of appeal from the family court's December 10, 2024, minute order.

The register of actions regarding proceedings below, as included in the record on appeal, shows that while this appeal was pending:  (1) Cruz filed, on March 7, 2025,

---

[2] Cruz's instant appeal arises from this minute order.

another motion on the issue of custody and visitation; (2) the court held a new motion hearing on April 24, 2025; and (3) the court set a further review hearing for May 29, 2025.[3]

## DISCUSSION

### I.      Family Court's December 10, 2024, Minute Order is not a Final Order

In this unopposed appeal, Cruz challenges the family court's December 10, 2024, minute order on custody and visitation.  She argues the court violated her right to due process in not considering material evidence and erred by adopting an out-of-state custody order without making independent findings.

For reasons discussed below, we conclude the court's December 10, 2024, minute order is an interim order, not a final order, and is therefore not appealable.  Cruz's appeal must in turn be dismissed for lack of jurisdiction.

#### A.      *The Family Court's December 10, 2024, Minute Order*

As noted, the family court's challenged order, that is the December 10, 2024, minute order, provided:  "The prior [custody] order issued in the state of New York … shall remain in place with the adoption of the child custody recommending counselor[']s recommendation.  *The court sets a review hearing and reserves jurisdiction over the issue of child custody/visitation.*"  (Italics added.)  The order further clarified that Cruz would have supervised visitation "once per every other week for up to one hour per visit."  The court set a review hearing for February 5, 2025.  Thereafter, on February 5, 2025, the court set a further review for March 7, 2025.

---

[3] It bears mention that the filing of an appeal from a child custody and visitation order does *not* result in an automatic stay of the trial court proceedings.  (Code of Civ. Proc., § 917.7; *In re Natasha A*. (1996) 42 Cal.App.4th 28, 39.)  In addition, filing a purported notice of appeal from a nonappealable order does not result in an automatic stay.  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1409, fn. 4 [collecting cases].)

6.

#### B. Analysis

The family court's December 10, 2024, minute order, challenged by Cruz on appeal, makes clear by its *own express terms*, that it is an interim order, not a final order, on the issue of custody and visitation. The order specifically states that the court was "reserv[ing] jurisdiction over the issue of child custody/visitation" and that it was "set[ting] a review hearing." In addition, at the last review hearing held before this appeal was filed, that is the review hearing on February 5, 2025, the court (1) received a status update on Cruz's progress in attending the anger management class the court had ordered on December 10, 2024, and (2) *set a further review hearing for March 7, 2025*. The court also ordered G.S. to attend the March 7, 2025, hearing (she was not present at the February 5, 2025, review hearing), and indicated it would be making further orders.

It is well established that only *final* orders regarding custody and visitation are appealable. (Code Civ. Proc., § 904.1, subd. (a)(14).) Interim custody orders are not appealable, because they contemplate further judicial action. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456 [interim custody orders are not appealable]; *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 ["the right to appeal a child custody determination is generally limited to final judgments"]; *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1053 ["interim custody orders … are not intended to be final judgments as to custody"].) Furthermore, appellate courts do not have jurisdiction over appeals from nonappealable orders. (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696-698 (*Griset*) [no appellate jurisdiction over nonappealable orders].)

Here, the family court issued a custody and visitation order (via minute order) but also ordered Cruz to complete an anger management class and undertake self-study. The court set review hearings to monitor the parties' conduct and compliance with the court's orders. The court also expressly indicated that further orders would be forthcoming. We are satisfied the December 10, 2024, minute order is an interim custody and visitation

7.

order and not the family court's final order, and in turn, is not appealable. (See *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [a judgment or order is final " ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined" ' "]; *Griset*, *supra*, 25 Cal.4th at p. 698 [ " 'where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is [merely] interlocutory' "].) We therefore lack jurisdiction to hear Cruz's appeal and must dismiss it. (*Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545, 1550 ["[T]he question whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black or white."].)

In any event, Cruz's brief lacks citations to relevant authorities and to the record and thereby fails to establish error on the part of the family court. To demonstrate error, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see also *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."]; Cal. Rules of Court, rule 8.204(a).)

Thus, even if we had jurisdiction to address Cruz's appeal, it would fail because her arguments, as briefed, lack relevant support, adequate analysis, and requisite citations to the record.[4] (See *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012)

---

[4] For example, Cruz's brief makes a bare reference to *In re Marriage of Jensen* (2003) 114 Cal.App.4th 587, 594, as purported support for the proposition that

211 Cal.App.4th 1, 10 ["[A]ppellant is required to not only cite to valid legal authority, but also explain how it applies in his case."]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd*. (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 [" ' "[i]f a party fails to support an argument with the necessary citations to the record, ... the argument [will be] deemed to have been waived" ' "].)

Furthermore, Cruz did not secure a reporter's transcript of the contested hearing underlying the family court's December 10, 2024, minute order. "It is the appellant's affirmative duty to show error by an adequate record." (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellant failed to secure a hearing transcript].) A " 'necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record [s]he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' " (*Ibid*.)

The appeal is dismissed for lack of jurisdiction.[5]

---

"California courts may recognize foreign custody orders [but] may not mechanically adopt them without making independent findings consistent with California law." However, the pin cite does not appear to support the proposition for which it is cited, nor does the cited case appear to be relevant to Cruz's argument.

[5] While we have the discretion to treat an appeal from a nonappealable order as a petition for writ of mandate, that power should only be exercised in unusual circumstances. (*Williams v. Impax Laboratories, Inc.* (2019) 41 Cal.App.5th 1060, 1071-1072.) The instant record does not reveal circumstances that would justify treating Cruz's appeal as a de facto petition for writ of mandate.

## **DISPOSITION**

The appeal is dismissed.  No costs are awarded.


                                                                SNAUFFER, J.

WE CONCUR:


LEVY, Acting P. J.


DE SANTOS, J.


10.